**Opinion filed August 23, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00192-CR

_____

## DATON QUIOLA MOORE, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. F35082**

### M E M O R A N D U M   O P I N I O N

The trial court originally deferred the adjudication of Appellant's guilt and placed him on community supervision. The State later filed a motion to adjudicate guilt. Appellant pleaded true to the allegations in the State's motion, and the trial court revoked Appellant's community supervision and adjudicated him guilty of the offense of possession of a controlled substance (four or more grams, but less than 200 grams, of methamphetamine) with the intent to deliver. The trial court assessed Appellant's punishment at confinement for forty years and a fine of $1,500. We dismiss the appeal.

When this appeal was docketed, the clerk of this court notified Appellant of this court's concern regarding his waiver of the right of appeal. We requested that

Appellant respond and show grounds to continue the appeal. Appellant has filed a response in which he asserts several grounds of appeal, most of which relate to his contention that he received ineffective assistance of counsel.

The documents on file in this appeal reflect that, in conjunction with the adjudication of his guilt, Appellant signed a plea memorandum in which he waived several rights, including his right to appeal. Specifically, "[t]he defendant waives and abandons the right to appeal in this case." The waivers were signed by Appellant, his attorney, and the trial judge.

The trial court certified that Appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(d). The documents on file in this appeal therefore show that Appellant waived his right of appeal. Texas has "long held that a valid waiver of appeal prevents a defendant from appealing without the trial court's consent." *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). A waiver of the right to appeal is valid if it was made voluntarily, knowingly, and intelligently. *Id.* The trial court admonished Appellant and found that his waivers were "voluntarily made." We note that the trial court has not given Appellant permission to appeal. Accordingly, we dismiss this appeal without further action. *See id.* at 622–23; *see also* TEX. R. APP. P. 25.2(d).

This appeal is dismissed.

August 23, 2018                                          PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.